OPINION
{¶ 1} On January 3, 1992, the Richland County Grand Jury indicted appellant, Scott Butner, on fourteen counts of rape in violation of R.C. 2907.02, eight counts of felonious sexual penetration in violation of R.C. 2907.12, thirteen counts of gross sexual imposition in violation of R.C. 2907.05 and two counts of attempted rape in violation of R.C. 2907.02 and R.C.2923.02. Said charges arose from incidents involving twelve different children between the ages of three and ten while appellant cared for them in a daycare facility.
 {¶ 2} On February 14, 1992, appellant pled guilty and no contest to five counts of rape and five counts of gross sexual imposition. The remaining counts were dismissed. The trial court found appellant guilty on the no contest pleas. By corrected sentencing judgment entry filed February 26, 1992, the trial court sentenced appellant to an aggregate term of eight to twenty-five years in prison.
 {¶ 3} On June 20, 2005, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By order filed September 12, 2005, the trial court classified appellant as a "sexual predator."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ITS ORDER DESIGNATING THE APPELLANT WITH THE DESIGNATION OF SEXUAL PREDATOR."
 I {¶ 6} Appellant claims the trial court erred in classifying him as a sexual predator. We disagree.
 {¶ 7} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook
court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 8} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 9} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's or delinquent child's age;
 {¶ 11} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 20} The trial court had before it two psychological evaluations of appellant filed October 27, 2005. One was performed by a clinical psychologist, Dale Rupple, Ph.D., and the other was performed by a forensic team leader, Luanne LaRue, MSW, LISW. The trial court also had presided over the matter in 1992. In its September 12, 2005 order designating appellant a sexual predator, the trial court quoted sections of Dr. Rupple's findings and opinion wherein Dr. Rupple opined appellant "presents with a high risk of reoffending unless given close monitoring and supervision." The trial court also quoted Ms. LaRue's opinion wherein she stated appellant "presents substantial risk to reoffend if released from prison at this time."
 {¶ 21} We have reviewed the reports filed under seal and find they substantiate the trial court's determination.
 {¶ 22} In addition, as for the R.C. 2950.09(B)(3) factors, the record substantiates the victims were between the ages of three and ten years old, there were multiple victims, there was a demonstrated pattern of sexual abuse and/or sexual contact with the children and there were reports of threats by appellant.
 {¶ 23} Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 24} The sole assignment of error is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.